IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                              |   |                          |
|------------------------------|---|--------------------------|
| **UNITED STATES OF AMERICA** | * |                          |
| v.                           | * | CRIM. NO. JKB-03-0395    |
| **HARRY M. BURTON, JR.,**    | * |                          |
| **Defendant.**               | * |                          |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Harry M. Burton, Jr.'s Motion to Vacate Pursuant to 28 U.S.C. §2255, (ECF No. 66), and Motion to Proceed, which requests that the Court review the § 2255 Motion, (ECF No. 69).[1] The Court will grant the Motion to Proceed and will deny the § 2255 Motion.

### I. *Factual and Procedural History*

In *Rehaif v. United States*, the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing

---

[1] The Court finds that it has jurisdiction to consider Burton's § 2255 Motion, although he is not currently serving the term of incarceration imposed in this case. 28 U.S.C. § 2255 provides, in pertinent part, that a "prisoner in custody under sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Courts have held that a defendant is "in custody" for purposes of § 2255 when he is on supervised release. *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). In addition, the Supreme Court has explained that habeas petitioners are not "in custody" where their sentence has "fully expired." *Maleng v. Cook*, 490 U.S. 488, 491 (1989).

On February 22, 2005, the Court sentenced Burton to 120 months' imprisonment followed by three years of supervised release for his § 922(g) conviction in this case. On September 9, 2008, this Court sentenced Burton to two concurrent 60-year sentences in another case, Crim No. JKB-07-0149, for possession of firearms in furtherance of a murder in aid of racketeering, among other charges. Although Burton is not currently serving the term of 120 months' incarceration imposed in this case, he is serving a concurrent sentence in a different case and has thus not yet begun serving his term of supervised release in this case. His sentence in this case has therefore not fully expired, and the Court concludes that he is "in custody" for purposes of the instant § 2255 claim.

1

a firearm." 139 S. Ct. 2191, 2200 (2019). On June 11, 2020, the Office of the Federal Public Defender (the "FPD") filed the instant § 2255 Motion on behalf of Burton, arguing that his § 922(g) conviction must be vacated in light of *Rehaif*. (*See* ECF No. 66.) Subsequently, the Supreme Court clarified that a petitioner has the burden of demonstrating actual prejudice to obtain habeas relief under *Rehaif*. *See United States v. Greer*, 141 S. Ct. 2090, 2100 (2021). More specifically, the petitioner must show that, "if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted." *Id.* at 2097 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Following *Greer*, the FPD withdrew its representation and contacted Burton to discuss voluntarily withdrawing his § 2255 Motion, but Burton did "not advise[] the [FPD] whether he wishe[d] to withdraw" the § 2255 Motion. (*See* ECF No. 74.) Burton filed a *pro se* Motion to Proceed explaining that he "want[s] to proceed" under *Rehaif*. (ECF No. 69; *see also* ECF No. 76 (Court Order explaining that Burton has made clear that he wishes to proceed with his § 2255 Motion (citing ECF Nos. 68, 69, 73)).)

Thereafter, the Court issued an Order, noting that "the burden following *Greer* requires Burton to establish the Government's failure to make the [ ] showing of his knowledge of relevant status impacted his substantial rights at trial. Burton has not done so." (ECF No. 76 (certain punctuation omitted).) The Court also explained that, "[a]s currently established, the record does not plausibly support an argument that the *Rehaif* error at Burton's trial impacted his substantial rights." (*Id.*) The Court therefore set in a briefing schedule to allow Burton to supplement his § 2255 Motion, reminding him that he must explain why there was a reasonable probability that he would have been acquitted if the jury had been instructed that the Government was required to

prove that Burton knew he was a felon at the time he possessed the firearm. (*Id.* (citing *Greer*, 141 S. Ct. at 2097).) Burton did not supplement his § 2255 Motion.

## II.  *Analysis*

The § 2255 Motion will be denied. As the Supreme Court has explained:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon.

*Greer*, 141 S. Ct. at 2097. Burton has not met his burden of showing that the *Rehaif* error impacted his substantial rights, as he has not provided evidence that would tend to show he was unaware of his felon status at the time he possessed the firearm. *See United States v. Watts*, Crim. No. PJM-06-0036, 2022 WL 1322658, at *3 (D. Md. May 3, 2022) (denying a § 2255 motion, explaining that "[a]t the outset, the Court presumes that [petitioner] was aware of his status as felon" and that he had not "provided evidence that would tend to show he was unaware of his felon status at the time he possessed his firearm").

## III.  *Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El*

*v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Burton does not satisfy the above standards. Accordingly, a certificate of appealability will not issue.

## IV.  *Conclusion*

For the foregoing reasons, it is ORDERED that:

1. Burton's Motion to Vacate Pursuant to 28 U.S.C. §2255 (ECF No. 66) is DENIED;

2. Burton's Motion to Proceed (ECF No. 69) is GRANTED to the extent that it sought this Court's review of Burton's § 2255 Motion; and

3. The Court DENIES a certificate of appealability.

DATED this 7 day of April, 2023.

BY THE COURT:

*/s/ James K. Bredar*

James K. Bredar
Chief Judge